■ In the Matter of Joseph Carnegie, as Chairman of Rank and File Committee For a Democratic Union Within the New York City Transit Authority, Respondent, v. Public Employment Relations Board, Appellant, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR *inter alia* to review appellant's determination dated November 3, 1971, dismissing petitioner's application for certification as the exclusive negotiating representative of a certain unit of employees of the respondent New York City Transit Authority, the appeal is (1) from so much of a judgment of the Supreme Court, Queens County, dated February 29, 1972, as vacated and set aside said determination and remanded petitioner's certification application to appellant and (2) from an order of the same court dated December 15, 1971, which conditionally denied appellant's motion to dismiss the proceeding for lack of jurisdiction. Judgment affirmed insofar as appealed from and order affirmed, without costs. No opinion. Latham, Gulotta, Brennan and Benjamin, JJ., concur; Munder, Acting P. J., dissents and votes to reverse the order dated December 15, 1971 and the judgment dated February 29, 1972 insofar as appealed from and to dismiss the proceeding, with the following memorandum: Petitioner instituted this special proceeding to set aside a determination of the Public Employment Relations Board (PERB) by order to show cause. The order provided for service of a copy of the order and the supporting papers "upon the Respondents on or before the 23rd of November, 1971". To satisfy this requirement, petitioner personally delivered a copy of the papers to a PERB stenographer and sent a copy by certified mail to PERB's New York City office. This was not sufficient to obtain personal jurisdiction. Special Term in signing the order to show cause could have specified the manner of service (CPLR 403, subd. [d]). Otherwise, the statute governing personal service upon a board controls and that is CPLR 312. It provides for personal service upon the board's chairman or other presiding officer, or its secretary or clerk, whatever such person's official title be. To facilitate service, the PERB Chairman has authorized the Director of the New York office or the

New York City Regional Representative to accept service of process. Neither of these officials was served. Accordingly, the court was without jurisdiction to determine this proceeding and PERB's motion to dismiss (which was denied by the December 15, 1971 order) should have been granted (cf. *Matter of Beck* v. *Goodday*, 24 A D 2d 1016). The PERB determination which petitioner was seeking to set aside was the dismissal of its petition for certification as the exclusive negotiating representative of a unit consisting of about 30,000 employees of the respondent Transit Authority who are presently represented by respondent Local 100. The petition was dismissed because of petitioner's failure to comply with the applicable regulations (4 NYCRR Part 201). In any representation proceeding brought pursuant to these regulations, it is initially necessary for the PERB director to determine whether the petition is supported by a sufficient showing of interest on behalf of the employees. Proof of this "interest" must be filed with the petition and must be filed within the time specified by the director (4 NYCRR 201.4). Petitioner sought to satisfy this requirement by submitting individually signed designation cards. These were rejected by the PERB because they were not dated. Subdivision (b) of rule 201.4 of the rules provides in pertinent part that "In determining whether the evidence submitted to establish a showing of interest is timely, the director will accept evidence of * * * designation cards or petitions which were signed and dated within six months prior to the filing of the petition." Since the cards submitted by petitioner were not dated, there was no way to tell whether they had been signed within six months of filing. Petitioner organization argues that the dating requirement did not appear in subdivision (b) of rule 201.4 until after it had filed its application. The fact is, however, that the dating requirement had been enforced by the director as a matter of policy long before it appeared in subdivision (b) of rule 201.4 on October 27, 1971 (the determination which petitioner seeks to overturn is dated November 3, 1971). The inclusion of it in subdivision (b) of rule 201.4 was only a codification of existing policy. Petitioner organization *knew* of the requirement. It was brought to its attention during the processing of a prior application for certification. The requirement is reasonable and clearly a matter of policy or administrative detail which is best left to the agency involved. The court's interference with the PERB's internal operational requirements was an abuse of discretion.